ON APPLICATION FOR WRIT OF MANDAMUS
DUFRESNE, Judge.
Verge L. Nero was charged by bill of information No. 82-2664, [Division “E”, 24th J.D.C.] with a violation of LSA-R.S. 14:95.1 Possession of a Firearm by a Convicted Felon. He pled guilty on October 14,1982 to an amended bill charging receiving stolen things valued at $397.10, a violation of LSA-R.S. 14:69.
The plea agreement pursuant to the “Boykin” form was as follows:
“After a Pre-sentence Investigation, the results of which are the same as agreed upon by Defense Counsel and the District Attorney, there will be a suspended sentence with credit for time served.”
He was subsequently sentenced on January 4, 1983, to imprisonment in the parish prison for three and one-half (3-V2) years. He was ordered to serve six (6) months, with credit for time served. The remainder of the sentence was suspended with various special conditions of probation imposed.
On September 11, 1985, as a result of an Orleans Parish conviction, Nero’s probation was revoked, and the three and one-half (3-V2) year sentence previously imposed was ordered executed, to be served consecutively to the sentence imposed as a result of the Orleans Parish conviction. The district court record does not reflect that he sought an appeal from the sentence originally imposed as that he requested judicial review from the revocation proceeding. However, on December 29 (and/or December 21), 1987, he filed an application in the district court contending that the imposition of parish prison time rather than Department of Corrections time made his sentence illegal as he had a prior felony conviction.
In the application he requested correction of the sentence alleged to be illegal. The district court denied relief and the relator now seeks review of that ruling.
Relator’s argument is based upon LSA-R.S. 15:302 which reads:
*525 Whenever prison districts have been established the rules of sentencing set forth below shall be followed:
A. The following persons shall be sentenced to prison districts;
(1) All persons convicted of misdemeanors and sentenced to imprisonment by any state court within the judicial district.
(2) All persons convicted of violations of state or parish laws by any municipal court within the judicial district.
B. The following persons may be sentenced to prison districts:
(1) Persons convicted of felonies by any state court within the judicial district notwithstanding the conviction ordinarily requires imprisonment in the penitentiary-
(2) Persons convicted of violations of municipal ordinances and sentenced to imprisonment by the municipal courts of those municipalities which have contracted with the governing authority of the prison district for the keeping of such persons.
C. The following persons shall not be imprisoned in any prison district:
(1) Persons sentenced to life imprisonment.
(2) Persons convicted of treason, aggravated or simple rape, aggravated or simple arson, aggravated or simple kidnapping.
(3) Bank and homestead officials convicted of theft by reason of misusing funds of depositors or other funds entrusted to them.
(4) Notaries public who are defaulters.
(5) Second or third offenders.
(6) Persons whose sentences exceed five years. [Emphasis added]
It is apparent from the fact that the defendant-relator was arrested for and billed with a violation of LSA-R.S. 14:95.1 (Convicted Felon in Possession of a Firearm) that the defendant-relator was a convicted felon at the time of his plea and sentencing. What must be determined is if the trial judge erred in sentencing Nero to a parish facility rather than the Department of Corrections.
While prison districts are no longer defined within the Code of Criminal Procedure Ancillaries (Title 15) prior to 1970 Chapter 7, Part III was entitled Prison Districts. LSA-R.S. 15:801, captioned Creation of prison districts, reads:
“The governing authority of one or more parishes of a judicial district may create a prison district whenever they shall, by joint resolution, deem it to be in the best interest of the judicial district.”
LSA-R.S. 15:802 previously captioned “Title of Prison District” read: “The prison districts shall be known as ‘Prison District, _Judicial District,’ giving the number of the judicial district.”
LSA-R.S. 15:803, 804, 805, 806 and 807 likewise contained references to “prison districts”. In 1970 by Act 461 the Legislature amended and re-enacted Sections 801 through 807 and enacted Sections 808 and 809 of Title 15 to provide for multiparish prisons in lieu of the previously existing prison districts.
LSA-R.S. 15:801, now captioned Creation of multiparish prisons, provides:
“The governing authority of one or more parishes may create a multiparish prison whenever they shall, by joint resolution, deem it to be to the best interest of the parish or parishes involved.”
We hold that LSA-R.S. 15:302 set forth sentencing restrictions only for the prison districts existing prior to the 1970 legislation. If the guidelines are still deemed to be effective, even though prison districts have been legislatively abolished, they should be only when sentencing to multi-parish prisons, the legislative successors to prison districts. At issue here is whether the Jefferson Parish Correctional Center is a multiparish prison or merely a parish jail.
The multiparish prison [or prison district] is a separate political corporation (LSA-R. S. 15:803) administered by a board of governors (LSA-R.S. 15:804). A parish jail, on the other hand, is regulated by the parish governing authority (LSA-R.S. 15:702) with the sheriff designated as the “keeper” (LSA-R.S. 15:704).
*526 The Jefferson Parish Correctional Center is designated as a parish jail because of its governmental structure. Compare Northeast Louisiana Correctional Center, LSA-R.S. 15:84, et seq.
Accordingly, the statute is deemed either obsolete due to the Legislative abolition of prison districts or applicable only when sentencing criminal defendants to multiparish prison facilities. Thus, the defendant-relator’s sentence was not statutorily prohibited and need not be corrected as to the issue raised in his writ application to this court.
For the foregoing reasons, the writ is denied.
WRIT APPLICATION DENIED.